UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SPENCER B. DURHAM,

        Plaintiff,                             Case No. 1:17-cv-163

v.                                                  Honorable Robert J. Jonker

RALPH CHERRY et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought under 42 U.S.C. § 1983 and the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12131 et seq., by a Vermont prisoner housed at a privately operated prison in Baldwin, Michigan. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Spencer B. Durham is a Vermont prisoner housed at the North Lake Correctional Facility (NLCF), a private prison operated by the GEO Group, Inc., in Baldwin, Michigan. Plaintiff sues NLCF Warden Ralph Cherry and Corrections Officer R. Wilgus.

Plaintiff alleges that on February 9, 2017, he was issued a disciplinary misconduct report. He contends that an investigation was conducted, but information collected during the investigation was not turned over to him, as allegedly required by due process. He continues:

> (1) . . . On 2/9/2017, CO Wilgus stated to me, "I [indecipherable] told to go to your cell and get this" no shake down was ever conducted. I was further advised that "an inmate dropped a nut." There is nothing stated in any of the paperwork required by due process that identifies the inmate or inmates or states a confidential informent[]s [sic]. Due process of the United States Constitution is being violated. Violation of Right to confront accusers.
>
> (2) Violation of Americans with Disabilit[ie]s Act. Plaintiff has Anti-social personality Disorder, and Bipolar disorder. Facility is [indecipherable] and taken advantage due to illness.

(Compl., ECF No. 1, PageID.3.)

Plaintiff seeks preliminary and permanent injunctive relief barring NLCF from proceeding with the hearing on the misconduct charge and requiring the facility to comply with due process and not withhold evidence.

**Discussion**

I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005).

Here, Plaintiff utterly fails to allege that his conviction on the disciplinary misconduct charge will either affect the duration of his sentence or result in a sanction that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 486-87. He

therefore fails to allege facts supporting the existence of a liberty interest. *See Iqbal*, 556 U.S. at 678 (requiring more than conclusory allegations of a due process violation). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Plaintiff therefore fails to allege a violation of due process.

Plaintiff also purports to raise a claim under the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Therefore, to state a claim under the ADA, Petitioner must show that he is a "qualified person," that he has a "disability," and that he has been denied a "service, program, or activity" of the state. In the ADA, the term "disability" is defined as follows: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2). Similarly, Section 504 of the Rehabilitation Act protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a).

Assuming that Plaintiff's antisocial personality disorder and bipolar disorder are disabilities under the ADA, Plaintiff does not allege that he has been discriminated against, or that he has been unable to participate in or receive the benefit of a service, program, or activity available to other inmates by reason of that disability. *See id.* Indeed, he provides absolutely no facts beyond the assertion that he has been "taken advantage [of] due to illness." Such a conclusory statement is

not sufficient to state a claim of discrimination under the ADA.  *See Iqbal*, 556 U.S. at 678 (requiring more than conclusory allegations).  In addition, Plaintiff does not identify any accommodations that he lacks, nor does he make any allegations from which to reasonably infer that the lack of accommodations for his disability has prevented him from accessing services, programs, or activities in the prison.  Therefore, the ADA claim will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).[1]

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:     March 14, 2017            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In light of the Court's dismissal of his complaint, Plaintiff's motion for preliminary injunction (ECF No. 4) is moot.